IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMUGMUG, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>VIRTUAL PHOTO STORE LLC, dba VPS, LLC,<br><br>          Defendant.                        / | No. C 09-2255 CW<br><br>ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING JURISDICTIONAL DISCOVERY (Doc. No. 12) |

    Defendant Virtual Photo Store LLC (VPS) moves to dismiss for lack of personal jurisdiction (Doc. No. 12).  Plaintiff Smugmug, Inc. opposes the motion and, in the alternative, requests discovery on the issue.  The matter was heard on July 16, 2009.  Having considered all of the papers filed by the parties and oral argument on the motion, and good cause appearing, the Court GRANTS Plaintiff's request to conduct jurisdictional discovery.  The Court denies the motion to dismiss without prejudice to re-noticing it upon completion of jurisdictional discovery.

                              BACKGROUND

    In this action, Plaintiff seeks a declaration that it does not infringe U.S. Patent Nos. 6,321,231 (the '231 patent), 6,332,146

(the '146 patent) or 7,487,155 (the '155 patent).  Plaintiff also requests that the Court find that the '231 and '146 patents are unenforceable due to laches.  Defendant is the owner, by assignment, of the patents-in-suit.  Defendant's patents relate to systems and methods for digital image management.

Plaintiff is a Delaware corporation with its principal place of business in Mountain View, California.

Defendant is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Defendant was incorporated in March, 2001 and its "business consists of licensing its property rights."  Moore Dec. ¶ 10 (June 10, 2009).  In 2002, the law firm of Marshall, Gerstein & Borun LLP (the Marshall firm) assigned to Defendant the '231 and '146 patents, and the patent application that subsequently issued as the '155 patent.  Walker Dec. ¶ 11 & Ex. 7.  Defendant's Board consists of three managers who all live in Illinois:  Carl E. Moore, Jr., Timothy Vezeau and Nate Scarpelli.  Moore Dec. ¶¶ 6-7.  Defendant also has two officers:  Paul Hanson and John Jebens.  Moore Dec. ¶ 9.  Mr. Hanson resides in Memphis, Tennessee, and Mr. Jebens resides in Clearwater, Florida.  Id.

On March 3, 2009, counsel for Defendant sent a letter to Plaintiff's Chief Executive Officer regarding its '231 and '146 patents.  Compl., Ex. D.  The letter stated that multiple companies have entered licensing agreements with Defendant and raised the possibility of a license with Plaintiff.  On April 3, 2009, counsel for Defendant sent another letter to Plaintiff, asking it also to consider the '155 patent in its analysis.  Brown Dec., Ex. 1.  The

2

parties did not begin substantive discussions.  Plaintiff filed this declaratory judgment action on May 21, 2009.

## LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. In a suit for declaratory judgment of non-infringement, Federal Circuit law is applied to determine whether the district court has personal jurisdiction over an out-of-state corporation.  Avocent Huntsville Corp., et al. v. Aten Int'l Co., 552 F.3d 1324, 1328 (Fed. Cir. 2008).

Where a district court's disposition of the personal jurisdiction question is based on affidavits and other written materials, a plaintiff need only make a prima facie showing that the defendants are subject to personal jurisdiction.  Trintec Indus. v. Pedre Promotional Prods., 395 F.3d 1275, 1282 (Fed. Cir. 2005).  The district court must construe all pleadings and affidavits in the light most favorable to the plaintiff and resolve any factual conflicts in the affidavits in the plaintiff's favor. See Trintec Indus., 395 F.3d at 1282-83; Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (noting agreement between Federal Circuit and Ninth Circuit).

Where a district court concludes that the existing record is insufficient to support personal jurisdiction and the plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery, the plaintiff is entitled to jurisdictional discovery.  Trintec Indus., 395 F.3d at 1283.  "Discovery may be appropriately granted where pertinent facts bearing on the question

3

1  of jurisdiction are controverted or where a more satisfactory
2  showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d
3  1011, 1020 (9th Cir. 2008) (quoting Data Disc, Inc. v. Sys. Tech.
4  Assoc., Inc., 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977)); see
5  Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1021
6  (Fed. Cir. 2009) (applying the law of the regional circuit for
7  jurisdictional discovery request).

8  "Determining whether personal jurisdiction exists over an
9  out-of-state defendant involves two inquiries: whether a forum
10 state's long-arm statute permits service of process, and whether
11 the assertion of personal jurisdiction would violate due process."
12 Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001).
13 California's jurisdictional statute is co-extensive with federal
14 due process requirements; therefore, jurisdictional inquiries under
15 state law and federal due process standards merge into one
16 analysis-- "whether jurisdiction comports with due process."
17 Inamed Corp., 249 F.3d at 1360.

18 The exercise of jurisdiction over non-resident defendants
19 violates due process unless those defendants have "minimum
20 contacts" with the forum state so that the exercise of jurisdiction
21 "does not offend traditional notions of fair play and substantial
22 justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
23 "[I]t is essential in each case that there be some act by which the
24 defendant purposefully avails itself of the privilege of conducting
25 activities within the forum State, thus invoking the benefits and
26 protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253
27 (1958).

28

4

Personal jurisdiction may be either general or specific. General jurisdiction exists when a defendant maintains "continuous and systematic" contacts with the forum state even if the cause of action has no relation to those contacts. Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414 (1984). Specific jurisdiction exists when a defendant's contacts with the forum state arise out of or relate to the cause of action even if those contacts are isolated and sporadic. Trintec Indus., 395 F.3d at 1279.

The Federal Circuit has identified three factors to consider in determining whether the exercise of personal jurisdiction over an out-of-state defendant comports with due process: 1) whether the defendant "purposefully directed" its activities at residents of the forum; 2) whether the claim "arises out of or relates to" the defendant's activities in the forum; and 3) whether the exercise of jurisdiction is "reasonable and fair." Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1351 (Fed. Cir. 2002).

With respect to the first factor, the Supreme Court has allowed the exercise of specific jurisdiction over a defendant whose only contact with the forum State is the "purposeful direction" of a foreign act having an effect in the forum State. See Calder v. Jones, 465 U.S. 783, 788-90 (1984). In World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980), the Court explained that "the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being

5

haled into court there." Id. at 297.  Jurisdiction is proper where the contacts proximately result from actions by the defendant itself that create a substantial connection with the forum state. McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957).

There is a presumption of reasonableness upon a showing that the defendant purposefully directed its activities at forum residents; the defendant bears the burden of overcoming the presumption by presenting a compelling case that specific jurisdiction would be unreasonable.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985).  Several factors should be considered in determining whether jurisdiction is reasonable: "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies."  Elecs. for Imaging, 340 F.3d at 1352; see Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 113 (1987).

### DISCUSSION

Plaintiff argues that general jurisdiction is proper over Defendant because 1) Defendant offered licenses through its website, which was available to California residents; 2) Defendant is the alter ego of the Marshall firm, which is subject to general jurisdiction in California; and 3) VPS has engaged in licensing negotiations in California, entered into licensing agreements with California corporations, and presently seek licensing fees from California corporations.  Defendant contends that general

6

jurisdiction is improper because it does not have sufficient contacts with California. Defendant asserts that its website is passive and no longer in operation, and that Defendant is not an alter ego of the Marshall firm.

Plaintiff argues that Defendant's enforcement letters, website and licenses are sufficient to establish specific jurisdiction. Defendant contends that specific jurisdiction cannot arise based on its enforcement letters to Plaintiff, its website and its non-exclusive licenses with California companies.

In the alternative, Plaintiff requests leave to conduct jurisdictional discovery. The Court grants Plaintiff's request because the existing record is insufficient to support personal jurisdiction and Plaintiff has demonstrated that it can supplement its jurisdictional allegations through discovery. See Trintec Indus., 395 F.3d at 1283. Plaintiff seeks to supplement its jurisdictional allegations with information regarding Defendant's licenses with California companies to the patents-in-suit, Defendant's revenues from its California licenses, Defendant's enforcement activities in California, Defendant's website and Defendant's relationship with the Marshall firm.

In addition, the pertinent facts are controverted and a "more satisfactory showing of the facts is necessary." Boschetto, 539 F.3d at 1020. For example, Defendant admits to having non-exclusive licenses with the three California companies to which Plaintiff's complaint refers. Moore Dec. ¶ 11 (Yahoo, Inc., Shutterfly, Inc. and Hewlett-Packard Co.). It is not clear, however, how many other licenses to the patents-in-suit Defendant

has granted to California companies. Moore Dec. ¶ 11 ("VPS has entered into various non-exclusive license agreements with respect to its patents, including with a limited number of companies located in California."). The terms and extent of Defendant's California licenses to the patents-in-suit, including the licenses to Yahoo, Shutterfly and HP, are also unknown. Walker Dec. ¶ 14.

Defendant's enforcement activities in California are also unknown. Cease-and-desist communications in combination with "other activities" can give rise to specific personal jurisdiction. Autogenomics, Inc. v. Oxford Gene Technology Ltd., 566 F.3d 1012, 1019-20 (Fed. Cir. 2009) (enforcement or defense efforts related to the patent are to be considered for establishing specific personal jurisdiction).

Plaintiff may conduct limited discovery relating solely to Defendant's contacts with California. Plaintiff may propound interrogatories and document requests, but Plaintiff is not permitted to take a deposition under Federal Rule of Civil Procedure 30(b)(6). The parties may stipulate to a protective order or use the district court's form protective order.

Plaintiff may not, however, conduct discovery relating to Defendant's relationship with the Marshall firm because Plaintiff's alter ego theory fails. Although Defendant does not have an office (or even a mailing address) separate from the Marshall firm, the shared office, assignment of the patents-in-suit by the Marshall firm to Defendant, the current attorney-client relationship between Defendant and the Marshall firm and the past relationship between Defendant's managers and the Marshall firm are insufficient to

establish that Defendant is an alter ego of the Marshall firm where the Marshall firm has no ownership interest in Defendant. Moore Dec. ¶ 3 (July 2, 2009); see SEC v. Hickey, 322 F.3d 1123, 1128-29 (9th Cir. 2003) (examining alter ego requirements under California law).

## CONCLUSION

For the foregoing reasons, Plaintiff's request to conduct jurisdictional discovery is GRANTED. Within the next ninety days, Plaintiff may conduct limited discovery relating solely to Defendant's contacts with California. The Court denies Defendant's motion to dismiss for lack of personal jurisdiction without prejudice to re-filing on the completion of jurisdictional discovery.

IT IS SO ORDERED.

Dated: 8/13/09

CLAUDIA WILKEN
United States District Judge