IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMUGMUG, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>VIRTUAL PHOTO STORE LLC, dba VPS, LLC,<br><br>        Defendant.                      / | No. C 09-2255 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER<br>(Docket No. 49) |

    Defendant Virtual Photo Store LLC renews its motion to dismiss Plaintiff Smugmug, Inc.'s complaint for lack of personal jurisdiction (Docket No. 49). In the alternative, it asks the Court to transfer the action to the Northern District of Illinois. Plaintiff opposes the motion. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Defendant's motion.

BACKGROUND

    In this action, Plaintiff, a Delaware corporation with its principal place of business in Mountain View, California, seeks a declaration that it does not infringe U.S. Patent Nos. 6,321,231 (the '231 patent), 6,332,146 (the '146 patent) or 7,487,155 (the '155 patent). Plaintiff also asks the Court to find that the '231 and '146 patents are unenforceable due to laches.

    Defendant is the owner, by assignment, of the patents-in-suit. The patents relate to systems and methods for digital image

management.  Defendant is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Defendant was incorporated in March, 2001 and its "business consists of licensing its property rights."  Moore Dec. ¶ 10 (June 10, 2009). In 2002, the law firm of Marshall, Gerstein & Borun LLP (the Marshall firm) assigned to Defendant the '231 and '146 patents, and the patent application that subsequently issued as the '155 patent. Walker Dec. ¶ 11 & Ex. 7.  Defendant's Board consists of three managers who all live in Illinois:  Carl E. Moore, Jr., Timothy Vezeau and Nate Scarpelli.  Moore Dec. ¶¶ 6-7.  Defendant also has two officers:  Paul Hanson and John Jebens.  Moore Dec. ¶ 9.  Mr. Hanson resides in Memphis, Tennessee, and Mr. Jebens resides in Clearwater, Florida.  Id.

On March 3, 2009, counsel for Defendant sent a letter to Plaintiff's Chief Executive Officer regarding its '231 and '146 patents.  Compl., Ex. D.  The letter stated that multiple companies had entered into licensing agreements with Defendant and suggested that Plaintiff also take a license.  On April 3, 2009, counsel for Defendant sent another letter to Plaintiff, asking it also to consider the '155 patent in its analysis.  Brown Dec., Ex. 1.  The parties did not begin substantive discussions.  Plaintiff filed this declaratory judgment action on May 21, 2009.

The Court denied without prejudice Defendant's first motion to dismiss for lack of personal jurisdiction.  There, Plaintiff argued that general jurisdiction was proper on two bases: (1) Defendant solicited business in California through its website and (2) it was the alter ego of the Marshall firm, which has contacts in California.  Plaintiff asserted that Defendant's cease-and-desist

2

letters and website justified specific jurisdiction. At that time, Plaintiff did not present enough evidence to show that Defendant had sufficient minimum contacts with California; the Court gave Plaintiff leave to conduct limited jurisdictional discovery on Defendant's licensing and enforcement activities in California. The Court rejected Plaintiff's alter ego theory and did not allow Plaintiff to conduct discovery on Defendant's relationship with the Marshall firm.

Through jurisdictional discovery, Plaintiff obtained further information on Defendant's activities in California. Letters show that, between May, 2002 and April, 2007, Defendant solicited at least twenty California companies to join its licensing program. Walker Supp. Decl. Exs. 18-35, 37-43, 45. Further, Defendant disclosed that it has non-exclusive license agreements with at least five California entities. Walker Supp. Decl. Exs. 8-10, 12-13; Weiner Supp. Decl. ¶ 21. In most of these agreements, Defendant granted licenses in exchange for one-time, lump sum payments; one entity, however, continues to pay Defendant royalties on an ongoing basis. Defendant admits that it has earned a substantial percentage of its revenue from its California licensees. Id.

## LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. In a suit for declaratory judgment of non-infringement, Federal Circuit law is applied to determine whether the district court has personal jurisdiction over an out-of-state corporation. Avocent Huntsville Corp., et al. v. Aten Int'l Co., 552 F.3d 1324, 1328

(Fed. Cir. 2008).

Where a district court's disposition of the personal jurisdiction question is based on affidavits and other written materials, a plaintiff need only make a prima facie showing that the defendants are subject to personal jurisdiction. Trintec Indus. v. Pedre Promotional Prods., 395 F.3d 1275, 1282 (Fed. Cir. 2005). The district court must construe all pleadings and affidavits in the light most favorable to the plaintiff and resolve any factual conflicts in the affidavits in the plaintiff's favor. See Trintec Indus., 395 F.3d at 1282-83; Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (noting agreement between Federal Circuit and Ninth Circuit).

Where a district court concludes that the existing record is insufficient to support personal jurisdiction and the plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery, the plaintiff is entitled to jurisdictional discovery. Trintec Indus., 395 F.3d at 1283. "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977)); see Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1021 (Fed. Cir. 2009) (applying the law of the regional circuit for jurisdictional discovery request).

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether

4

the assertion of personal jurisdiction would violate due process." <u>Inamed Corp. v. Kuzmak</u>, 249 F.3d 1356, 1359 (Fed. Cir. 2001). California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis -- "whether jurisdiction comports with due process." <u>Inamed Corp.</u>, 249 F.3d at 1360.

The exercise of jurisdiction over non-resident defendants violates due process unless those defendants have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958).  Personal jurisdiction may be either general or specific.

## DISCUSSION

Plaintiff asserts that the Court has personal jurisdiction because Defendant has derived an overwhelming percentage of its revenue from California and because Defendant performs "other enforcement activities" along with sending its cease-and-desist letters.  Plaintiff cites only law regarding specific jurisdiction in its supplemental brief.

Specific jurisdiction exists when

> (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair.  With

>            respect to the last prong, the burden of proof
>            is on the defendant, which must "present a
>            compelling case that the presence of some other
>            considerations would render jurisdiction
>            unreasonable" under the five-factor test
>            articulated by the Supreme Court in <u>Burger
>            King</u>.

<u>Autogenomics</u>, 566 F.3d at 1018. (quoting <u>Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.</u>, 444 F.3d 1356, 1363 (Fed. Cir. 2006)). There is a presumption of reasonableness upon a showing that the defendant purposefully directed its activities at forum residents; the defendant bears the burden of overcoming the presumption by presenting a compelling case that specific jurisdiction would be unreasonable. <u>Elecs. for Imaging</u>, 340 F.3d at 1351-52 (citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 477 (1985)). Several factors should be considered in determining whether jurisdiction is reasonable: "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." <u>Elecs. for Imaging</u>, 340 F.3d at 1352; <u>see</u> <u>Asahi Metal Indus. Co. v. Super. Ct. of Cal.</u>, 480 U.S. 102, 113 (1987).

In a declaratory judgment action involving patents, as here, "only enforcement or defense efforts related to the patent rather than the patentee's commercialization efforts are to be considered for establishing specific personal jurisdiction . . . ." <u>Autogenomics</u>, 566 F.3d at 1020 (citing <u>Avocent</u>, 552 F.3d at 1336). Courts must therefore "examine the jurisdictional facts for conduct whereby the patentee 'may be said to purposefully avail itself of the forum and to engage in activity that relates to the validity

6

and enforceability of the patent.'" Autogenomics, 566 F.3d at 1020 (quoting Avocent, 552 F.3d at 1336). Cease-and-desist letters, on their own, are insufficient to warrant specific jurisdiction. "Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." Autogenomics, 566 F.3d at 1020 (quoting Red Wing Shoe, Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1360-61 (Fed. Cir. 1998)).

Plaintiff asserts that Defendant has engaged in several enforcement activities in California, in addition to sending cease-and-desist letters. In particular, Plaintiff maintains that Defendant's communications with other California businesses to discuss licensing, and a lawsuit in this judicial district against another company, justify specific jurisdiction.[1]

Many of Defendant's letters invited California companies to meet with its attorneys to discuss potential licensing arrangements. For example, in a letter to a prospective licensee, one of Defendant's attorneys stated that he would be in California in February, 2005 and sought to schedule a meeting to discuss Defendant's patent licensing program. Walker Supp. Decl., Ex. 40. In another instance, Defendant sent multiple letters to a California company regarding a potential licensing agreement. However, as Plaintiff concedes, these letters were suggestions to

---

[1] Plaintiff also asserts that, in at least three licenses, Defendant avails itself of protections under California Civil Code § 1542. See Opp'n at 7; see, e.g., Walker Supp. Decl., Ex. 8 at 10. Plaintiff appears to have misread these licenses; the text clearly states that Defendant waives its rights, to the extent it has any, under that section.

"discuss potential licensing terms." Supp. Opp'n at 10. These communications are not the type of enforcement activity envisioned in <u>Autogenomics</u>, but rather Defendant's efforts at commercialization; they cannot be used to support specific jurisdiction.[2]

Plaintiff mentions a patent infringement lawsuit prosecuted by Defendant in this district. <u>Autogenomics</u> recognizes lawsuits as enforcement activity. 566 F.3d at 1020 (citing <u>Viam Corp. v. Iowa Export-Trading Co.</u>, 84 F.3d 424, 430 (Fed. Cir. 1996)). However, the case was transferred here over Defendant's objections, so it does not provide evidence of Defendant's attempt to avail itself of this forum.

Plaintiff's citation to <u>Electronics for Imaging, Inc.</u> is unavailing. There, the court identified three facts that, taken together, supported specific jurisdiction. <u>Elecs. for Imaging, Inc.</u>, 340 F.3d at 1351. First, the defendant hired a California attorney to prosecute its patent application, who contacted the plaintiff on numerous occasions to report the application's progress. <u>Id.</u> Second, the defendant contacted the plaintiff by telephone several times to discuss the technology covered by the patent application. <u>Id.</u> Third, the defendant sent its representatives to visit the plaintiff's California facility "for the purpose of demonstrating the technology" underlying its patent. <u>Id.</u> Here, Plaintiff has not alleged similar facts.

---

[2] The <u>Autogenomics</u> court noted that, although it was concerned that "foreign patentees . . . may engage in significant commercialization and licensing efforts in a state while benefitting from the shelter of the <u>Avocent</u> rule, we are nonetheless bound by <u>Avocent</u>." 566 F.3d at 1021.

8

1   Finally, Plaintiff cites Defendant's non-exclusive licenses
2 and the revenue from them.  Defendant has earned a substantial
3 portion of its revenue from California entities.  However, as
4 Autogenomics states, non-exclusive licenses, without any showing of
5 enforcement efforts, are insufficient to justify specific
6 jurisdiction.  566 F.3d at 1020 (citing Red Wing Shoe, 148 F.3d at
7 1359, 1362).  And revenue from licensees is irrelevant unless the
8 contact with the licensees is itself "constitutionally cognizable."
9 Red Wing Shoe, 148 F.3d at 1361-62 (finding that the defendant's
10 royalty income from its Minnesota licensees was irrelevant to a
11 personal jurisdiction analysis).
12   Aside from Defendant's commercialization efforts, which do not
13 justify personal jurisdiction under Federal Circuit precedent,
14 Plaintiff provides no evidence of Defendant's contacts with
15 California.  Accordingly, there is no basis for specific
16 jurisdiction.

                              CONCLUSION

18   For the foregoing reasons, the Court GRANTS Defendant's motion
19 to dismiss for lack of personal jurisdiction or, in the
20 alternative, to transfer to the Northern District of Illinois.
21 (Docket No. 49.)  Plaintiff's request for additional time to
22 conduct discovery is DENIED.  Plaintiff shall notify the Court
23 within two days if it wishes the Court to transfer the case to the
24 Northern District of Illinois.  If it does not, the case will be
25 dismissed without prejudice.
26   IT IS SO ORDERED.
27 Dated: November 16, 2009

                                        CLAUDIA WILKEN
                                        United States District Judge

9